UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN F. KAMINSKI,

                 **Plaintiff,**

  v.                                                 9:10-CV-0895 (TJM/DEP)

**CITY OF UTICA**, *et al.*,

                 **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.    INTRODUCTION**

      This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  In his June 28, 2012 Report-Recommendation and Order, Magistrate Judge Peebles recommended that (1) Defendants' motions for summary judgment (Dkt. Nos. 34 & 36) be granted and that judgment be entered dismissing all claims against Oneida County and the City of Utica; and (2) Plaintiff's complaint against all Doe defendants be dismissed without prejudice due to Plaintiff's failure to timely serve these defendants.

      Plaintiff has filed objections to the Report-Recommendation and Order. (Dkt. No. 47).  Oneida County and the City of Utica have both filed responses opposing Plaintiff's objections.  (Dkt. Nos. 48 & 49).

1

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009); Green v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or along with, 'objections . . .' should be dismissed.")(citations omitted).

As Judge Suddaby noted in Calderon:

On *de novo* review, "[t]he judge may ... receive further evidence ...." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal

quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

Calderon, 2009 WL 2252241, at *1, n. 1.

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

With this standard in mind, and after having reviewed Plaintiff's objections, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Peebles's thorough report. Plaintiff has attempted to reargue the positions he took before Magistrate Judge Peebles and attempted to fill the gaps in his argument, but he has not pointed to specific erroneous determinations by Judge Peebles and the Court finds none. Moreover, the new issues Plaintiff attempts to raise for the first time in his objections are rejected because he could have raised them before Magistrate Judge Peebles but failed to do so and failed to offer a justification for that failure.

### IV. CONCLUSION

For the reasons discussed above, the Court adopts Magistrate Judge Peebles's

June 28, 2012 Report-Recommendation and Order in its entirety. Therefore,

 (1) Defendants' motions for summary judgment (Dkt. Nos. 34 & 36) are GRANTED and all claims against Oneida County and the City of Utica are DISMISSED WITH PREJUDICE; and

 (2) Plaintiff's claims against all Doe defendants are DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to timely serve these defendants.

**IT IS SO ORDERED.**

**Dated:** September 26, 2012

Thomas J. McAvoy
Senior, U.S. District Judge